UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| OMAR ALZEIDYEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-373-KAC-DCP |
| | ) | |
| NASHVILLE WIRELESS, INC. | ) | |
| and BEWAR MOHAMAD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER GRANTING JOINT MOTION

Before the Court is the Parties' "Joint Motion for Order Approving Resolution of FLSA Claims" [Doc. 52]. The Parties ask the Court to approve their settlement of "the claims raised in this action under the Fair Labor Standards Act" (FLSA) [Doc. 52 at 1]. For the reasons below, the Court grants the Joint Motion.

On September 10, 2024 Plaintiff Omar Alzeidyeen initiated this action against Defendants Nashville Wireless, Inc. and Bewar Mohamad, alleging violations of the FLSA related to unpaid wages and overtime compensation [Doc. 1 at 2-4]. Plaintiff was represented by counsel [*See* Doc. 1]. Thereafter, the Court relieved counsel, and Plaintiff proceeded pro se [*See* Doc. 17].

During mediation, the Parties settled "[a]ll issues" in this action [*See* Doc. 49 at 1]. Plaintiff specifically "agreed to settle and release his FLSA claims, the other claims in his proposed Corrected Second Amended Complaint," and any "other claims he could have asserted based on the facts alleged in his original Complaint" [Doc. 53 at 3].

The FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). "Any employer who violates the

provisions of section 206 or section 207 . . . shall be liable to the employee . . . in the amount of . . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

The United States Courts of Appeals are split on whether the settlement of FLSA claims among private parties requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. One district court in the Sixth Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 620 F. Supp. 3d 635, 643 (W.D. Ky. 2022); *see also Alcantara v. Duran Landscaping, Inc.,* No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). But courts in this district have regularly found it appropriate to review the settlement of FLSA claims at the Parties' request. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018). Until the Sixth Circuit addresses the issue, out of an abundance of caution and at the Parties' request, the Court reviews the settlement of the FLSA claims.

When reviewing an FLSA settlement, the Court must ensure that the settlement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Lynn's Food Stores,* 679 F.2d at 1355. The text of the FLSA does not "shed[] light" on what it means for attorney's fees to be "reasonable." *United Slate, Tile & Composition Roofers, Damp & Waterproof*

2

*Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). But the Sixth Circuit has stated that the award of attorney's fees ensures "effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 502-03. Generally, when evaluating the reasonableness of attorney's fees, the Court considers (1) "the value of the benefit rendered;" (2) "the value of the services on an hourly basis;" (3) "whether the services were undertaken on a contingent fee basis;" (4) "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;" (5) "the complexity of the litigation;" and (6) the "professional skill and standing of counsel." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

Here, the proposed settlement fairly and reasonably resolves Plaintiff's bona fide FLSA dispute [*See* Doc. 52-1]. Although Plaintiff was not represented by counsel during mediation, the Parties engaged in "arm's length" negotiations in "good faith," with a certified mediator who is "experienced" in "employment law" [Doc. 53 at 3]. *See e.g.*, *Perry v. Hardeman Cnty. Gov't*, No. 1:19-CV-1106-STA-CGC, 2025 WL 1523513, at *1 (W.D. Tenn. May 28, 2025). And the settlement reflects a "fair[] and reasonabl[e]" compromise of the disputed FLSA issues [*See* Doc. 53 at 3]. Consistent with the FLSA, Defendants agree to pay Plaintiff his fairly negotiated alleged "overtime back pay" plus "an equal amount in liquidated damages" [*See id.* at 3 (citing 29 U.S.C. § 216(b)]. The Parties also agree that Defendants will pay Plaintiff's "attorney['s] fees and costs" [*see id.*]. *See* 29 U.S.C. § 216(b). The proposed amount of attorney's fees was negotiated during arms-length mediation based on work performed by Plaintiff's counsel before Plaintiff represented himself [*See* Docs. 52-1 at 2; 53 at 3-4]. And the proposed reasonable attorney's fees will incentivize lawyers to undertake worthy FLSA litigation in the future,

3

consistent with the FLSA's mandate. *See Monroe v. FTS USA, LLC*, 17 F.4th 664, 672 (6th Cir. 2021). As a result, the settlement represents a fair and reasonable resolution of the FLSA dispute. *See Lynn's Food Stores*, 679 F.2d at 1355. Therefore, to the extent the law requires it, the Court approves the settlement of Plaintiff's FLSA claims.

For the above reasons, the Court **GRANTS** the Parties' "Joint Motion for Order Approving Resolution of FLSA Claims" [Doc. 52]. The Parties have "stipulate[d] to the voluntary dismissal of this action in its entirety with prejudice pursuant to" Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [*See* Doc. 52 at 1]. Therefore, no issues remain in this action.

SO ORDERED.

/s/ Katherine Crytzer
KATHERINE A. CRYTZER
United States District Judge